IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| BILLY WAYNE GEER, an individual, and <br> LINDA GEER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL KENNETH MORRIS, et al, <br><br> Defendants. | <br><br><br><br><br><br><br> CV-03-BE-0564-W |

## MEMORANDUM OPINION

This case come before the court on "Motion for Partial Summary Judgment" (doc. # 9) filed November 18, 2003 by Defendants Michael Kenneth Morris, June D. Hersek, and Hersek Express Company, Inc. Specifically, the defendants seek summary judgment on plaintiffs' claims for wanton conduct and punitive damages; and negligent entrustment, hiring supervising and maintenance. For the reasons stated below, the motion is GRANTED.

On November 21, 2003, this court entered a submission order setting the deadline for the plaintiffs to file their response to the motion. The plaintiffs filed no response.

Pursuant to Fed. R. Civ. P. 56(e),

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the averse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

1

The defendants supported their motion with the deposition of Michael Morris. The plaintiffs submitted nothing to refute his testimony. Therefore, the court finds that no genuine issues of material fact exist as to the issue of plaintiffs' claims addressed by this motion.

The court, thus, must determine whether the defendants are entitled to judgment as a matter of law on the claims of wanton conduct and negligent entrustment, etc., and whether any evidence supports plaintiffs' claims for punitive damages.

A party who alleges wanton conduct as a cause of action and seeks punitive damages must prove that the defendant consciously or deliberately engaged in conduct carried on with reckless or conscious disregard for the rights or safety of others. *Berry v. Fife*, 590 So. 2d 884, 885 (Ala. 1991); Ala. Code § 6-11-20-(a). The term "conscious" means "perceiving, apprehending, or noticing with a degree of controlled thought or observation; capable of or marked by thought, will, design or perception." *Berry*, 590 So. 2d 885. The term "deliberate" is defined as "well advised; carefully considered, not sudden or rash' circumspect; slow in determining." *Id.* "Reckless" is defined as "careless, heedless, inattentive; indifferent to consequences." *Id.* The plaintiff must also prove alleged wanton conduct by "clear and convincing evidence," which is defined in Ala. Code § 11-20(b)(4) as follows:

> Evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

Ala. Code §§ 6-11-20(a), (b)(4); *Berry*, 590 So. 2d at 886.

The plaintiffs, having failed to present any evidence, have failed to create a factual or

legal question of any wanton conduct by any of the defendants. None of the normal accouterments of wantonness, such as excess speed or use of alcohol or drugs, etc., are presented by the case. Thus, the defendants are entitled to partial summary judgment on the claims of wanton conduct. Without the underlying claim to support it, the plaintiffs are not entitled to any punitive damages, and the request for punitive damages is stricken.

Plaintiffs' claims for negligent entrustment, hiring, supervision and maintenance are likewise due to be dismissed as a matter of law. To establish a cause of action for negligent entrustment, plaintiffs must prove (1) an entrustment; (2) to an incompetent individual; (3) with knowledge that he or she is incompetent: (4) proximate cause; and (5) damages. *See, e.g. Pryor v. Brown & Root U.S.A., Inc.* 674 So. 2d 45 (Ala. 1995). The facts before the court fail to support even an inference of sufficient to establish that Morris was an incompetent driver. Thus, this claim must fail.

Likewise, if plaintiffs cannot prove incompetency, they cannot maintain a negligent hiring or supervision cause of action. An analysis of several cases where the Alabama Supreme Court has considered claims of negligent hiring and supervision reveals that the plaintiffs must prove the following elements to maintain a negligent hiring or supervision claim against Hersek Express and/or June Hersek:

1. That Morris was incompetent to operate the tractor trailer;
2. That Hersek Express knew or should have known of this incompetency;
3. That Hersek Express failed to reasonably train or instruct Morris so as to eliminate the incompetency; and
4. That Morris' incompetency proximately caused the plaintiffs' injuries and damages:

See, *Big B, Inc. v. Cottingham*, 634 So. 2d 999 (Ala. 1993); *Ledbetter v. United American Ins.*

*Co.*, 624 So. 2d 1371 (Ala. 1993); *Lane v. Central Bank of Alabama*, 425 So. 2d 1098 (Ala. 1983); *Thompson v. Havard*, 285 Ala. 718 (1970); *Hatchcock v. Mitchell*, 277 Ala. 586 (Ala. 1965); *Alabama City, Gadsden & A. Ry. Co. v. Bessiere*, 190 Ala. 59 (Ala. 1914); *Sloss-Sheffield Steel & Iron Co. v. Bibb*, 164 Ala. 62 (Ala. 1910).

Again, the plaintiffs failed to come forward with any evidence to support their claims. The evidence offered by the defendants establishes that they are entitled to partial summary judgment on the claims of negligent entrustment, hiring and supervision.

To succeed on their negligent maintenance claim, plaintiffs must prove that the accident at issue was proximately caused by Hersek Express' failure to provide appropriate upkeep of its vehicle. *See, e.g. Reichert v. City of Mobile*, 776 So. 2d 761, 765 (Ala. 2000). The evidence is uncontroverted that the vehicle owned by Hersek Express and driven by Morris was in good operating condition at the time of the accident, and its brakes and headlights were functioning properly. (Morris Deposition p. 152-53). In short, no evidence creates an issue of fact as to the maintenance or condition of the Hersek Express vehicle at the time of the accident made the basis of this lawsuit. Therefore, as a matter of law, plaintiffs' claim for negligent maintenance is due to be dismissed.

Therefore, Defendants' Motion for Partial Summary Judgment is hereby GRANTED. The plaintiffs claims for wanton conduct; punitive damages; and negligent entrustment, hiring, supervising, and maintenance are DISMISSED.

DONE and ORDERED this 22d day of June, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE